CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

October 29, 2018

Lawrence P. Demuth, Esq.
Mignini, Raab & Demuth, LLP
429 S. Main St.
Bel Air, MD 21014

Theodore A. Melanson, Esq.
Mignini, Raab & Demuth, LLP
606 Baltimore Ave., Ste. 100
Towson, MD 21204

Cassia Weiner Parson, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

    Subject:    <u>Vivian F. v. Commissioner, Social Security Administration</u>, Civil No.: BPG-17-2978[1]

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 4, 7), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 17), Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 18), and Plaintiff's Response to Defendant's Motion for Summary Judgment ("Reply") (ECF No. 19). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996), <u>superseded</u> by <u>statute</u>, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 15) and Defendant's Motion (ECF No. 18) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

## I.    <u>Background</u>

On February 18, 2014, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on October 15, 2013. (R. at 65, 150). Her claim was initially denied on April 22, 2014 (R. at 74), and on reconsideration on October 10, 2014 (R. at 89). After a hearing held on July 22, 2016, an Administrative Law Judge ("ALJ") issued a decision on November 25, 2016 denying benefits based on a determination that plaintiff was not disabled. (R. at 19–30). The Appeals Council denied plaintiff's request for review on August 16, 2017, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1–4). Plaintiff challenges the Commissioner's decision solely on the ground that the ALJ failed to consider plaintiff's obesity as a medically determinable, severe impairment pursuant to Social Security Ruling ("SSR") 02-1p.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

## II. Discussion

Plaintiff contends that the ALJ "failed to consider Plaintiff's obesity as a medically determinable, severe impairment pursuant to SSR 02-1p, which infected each step in the sequential evaluation process, rendering the decision unsupported by substantial evidence." (ECF No. 17-1 at 9.) According to SSR 02-1p, "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2002). Accordingly, SSR 02-1p instructs the ALJ to "consider the effects of obesity . . . when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." Id.

As noted by plaintiff, the record is replete with evidence of plaintiff's obesity diagnosis. (ECF No. 17-1 at 10). Accordingly, the ALJ was required to consider obesity in determining whether plaintiff had: (1) a medically determinable impairment; (2) a severe impairment; (3) an impairment that meets or equals the requirements of a listed impairment in the listings; and (4) an impairment that prevents her from doing past relevant work and other work that exists in significant numbers in the national economy. SSR 02-1p, 2002 WL 34686281, at *3. Here, however, ALJ does not so much as mention plaintiff's obesity in his opinion. Thus, the court has no basis upon which to determine whether the ALJ properly considered plaintiff's obesity. See Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling [including] specific application of the pertinent legal requirements to the record evidence.") Accordingly, the court concludes that the ALJ's evaluation of plaintiff's obesity is not supported by substantial evidence and thus, remand is appropriate on this issue.

## III. Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 17) and Defendant's Motion (ECF No. 18) are DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further consideration in accordance with this opinion.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.
.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge